UNITED STATES of America, Plaintiff–Appellee,

v.

**Evencio RUBIO–RUBIO, Defendant–Appellant.**

No. 04–20378.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 20, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Ali Fazel, Scardino Courtney & Fazel, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

Evencio Rubio–Rubio appeals his sentence following his guilty-plea conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Rubio–Rubio argues that the district court erred by imposing his sentence under the mandatory guidelines scheme held unconstitutional in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Rubio–Rubio did not raise this issue in the district court, review is limited

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to plain error. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). The district court erred in imposing Rubio's sentence under the mandatory Guidelines scheme, and this error was obvious after *Booker. See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 734 (5th Cir.2005). However, Rubio–Rubio has not shown that the error affected his substantial rights as he has not shown that the record shows the district court judge would have imposed a different or lesser sentence under a *Booker* advisory regime. *See id.* at 734. Therefore, he has not met the requirements to show plain error.

AFFIRMED.